IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-41373
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDNA MARTINEZ SIERRA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:00-CR-26-ALL
--------------------
July 2, 2001

Before DAVIS, JONES and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Edna Martinez Sierra appeals her jury conviction and sentence for income tax fraud pursuant to 18 U.S.C. § 287, 18 U.S.C. § 1001, and 26 U.S.C. § 7206(1)&(2). She argues that the evidence was insufficient to find her guilty beyond a reasonable doubt; that the district court erred in not holding a hearing to determine whether extrinsic evidence tainted the jury's verdict; and that the district court erred in calculating the amount of monetary loss to the government pursuant to U.S.S.G. § 2F1.1.

The standard of review in assessing Sierra's sufficiency-of-evidence challenge is "whether, considering all

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the evidence in the light most favorable to the verdict, a reasonable trier of fact could have found that the evidence established guilt beyond a reasonable doubt."  United States v. Mendoza, 226 F.3d 340, 343 (5th Cir. 2000).  We hold that the evidence was sufficient for the jury to find Sierra guilty beyond a reasonable doubt on all counts charged in the indictment.

The district court's decision whether to hold an evidentiary hearing to investigate allegations of juror misconduct is reviewed for an abuse of discretion.  United States v. Jobe, 101 F.3d 1046, 1057-58 (5th Cir. 1996).  We hold that Sierra has not made a "colorable showing of extrinsic influence" and therefore has not demonstrated that the district court abused its discretion in determining that an evidentiary hearing was unnecessary.  See id.

This court reviews a district court's loss determination pursuant to U.S.S.G. § 2F1.1 for clear error.  United States v. Oates, 122 F.3d 222, 225 (5th Cir. 1997).  We further hold that the district court did not clearly err in its calculation of the total monetary loss attributable to Sierra's criminal conduct. We therefore AFFIRM the judgment of the district court.